**BUCHER, Plaintiff-Appellee, v. BUCHER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3504. Decided November 5, 1942.

Phil S. Bradford, Columbus, for plaintiff-appellee.
H. S. Kerr, Columbus, for defendant-appellant.

**4**

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Domestic Relations Court of Franklin county, Ohio.

Counsel for appellant in his brief states that the case was submitted and determined by the trial court upon an agreed statement of facts. We do not find in the file either a bill of exceptions or an agreed statement of facts.

However, the judgment entries as found in the transcript of docket and journal entries, in connection with the briefs, lead us to conclude that the claimed errors are manifest without the aid of a bill of exceptions.

This case was before us in a former term, under different factual situation. **24 Abs 447.** The defendant-appellant on December 1, 1933, obtained a decree of divorce from the plaintiff on a cross-petition. The custody of the minor child, Ella Elaine Bucher, was awarded to the mother. The order relating to alimony and support reads as follows:

"It is further ordered, adjudged and decreed that the plaintiff pay to the defendant as, and for, her reasonable alimony in money, the sum of six thousand dollars ($6,000) and that the defendant pay, until further (_____) of the Court, to the defendant for the support of herself and child, the sum of one hundred seventy-five dollars ($175.00) per month, payable monthly. The first payment of one hundred seventy-five dollars ($175.00) being due and payable on the fifteenth day of December, 1933, and a like sum on the fifteenth day of each and every month thereafter, during the minority of said child, Ella Elaine Bucher. In the event of the death of said child, said payments shall cease."

It is admitted that the word "order" was inadvertently omitted and should be inserted in the blank space.

The order for the payment of $175.00 per month was twice reduced, once to $125.00 per month and later to $80.00 per month. Other than reducing the amount, no change was made in the language contained in the order of December 1, 1933. The last reduction to $80.00 was made as of October 16, 1940.

Prior to the last reduction the child, Ella Elaine Bucher had married. She attained her majority on January 16, 1942. Following this last date, plaintiff discontinued all payments. All payments were paid up to and including the date of January 16, 1942.

On March 7, 1942, defendant filed an affidavit in contempt and on the same day citation issued to the plaintiff, Harry Bucher, to appear and answer to the contempt charge.

On April 30, 1942, the trial court found the plaintiff not guilty of contempt and dismissed the proceedings. Motion for new trial was filed, overruled and final judgment entry filed. In due time the necessary steps were taken through which the action was lodged in our court.

It is admitted that the determination of the case rests upon the construction of the quoted portion of the journal entry of December 1, 1933. However, counsel for defendant-appellant submits two additional questions:

First, the claim is made that the order of December 1, 1933, as it related to alimony and support, was in furtherance of an agreement between the parties.

The entry does not so indicate and we are unable to find anything in the present record supporting this claim. It seems that when we considered this case at a former term, this same question was presented on a more complete record, and at that time we determined that the evidence fell short of sustaining an agreement as to alimony and support. **24 Abs 447.**

The second claim is made that the order effective October 16, 1940, modified the order of December 1, 1933, in that it provided that the reduced amount was for the support of the defendant.

An examination of the entry does not support this claim. Counsel for defendant states that the court's memorandum on a yellow sheet of paper so provided.

This memorandum may not be considered for the reason that courts speak through their judgment entries. The memorandum was nothing more than the basis for drafting the entry. At the time of the final entry the court may have changed his mind as to the terms.

Whatever the reason, suffice it to say that the journal entry controls.

The sole question for our determination is whether or not, under the pertinent language of the journal entry of December 1, 1933, plaintiff was obligated to pay any amount after the child, Ella Elaine Bucher, attained her majority. Of course, as heretofore stated, by duly journalized order, the amount was reduced to $80.00.

It is urged that the language "until the further order of the court," constitutes a continuing order and requires an adjudication by the court in a proper proceeding before the payments may be discontinued.

We apply the usual rule in construing instruments, and that is that the entire instrument shall be considered and effect given to all its parts, if possible. The following language has its place in formulating a proper construction: "The first payment of $175.00 being due and payable on the 15th of December, 1933, and a like sum on the fifteenth day of each and every month thereafter during the minority of the said child, Ella Elaine Bucher."

6

We determine that the language "until the further order of the court," means during the continuance of the order; and that the order for payment terminates when the child, Ella Elaine Bucher, attains her majority.

The last short paragraph of the order supports our construction:

"In the event of the death of said child, said payments shall cease."

It being conceded that the child, Ella Elaine Bucher, has passed her minority, no further payments are due.

We do not subscribe to the theory that the obligation to pay ceased when the child, Ella Elaine Bucher, became emancipated by reason of marriage. This might be and probably was a ground for reducing the amount of the payments, but the fixed time for the termination of the payments was after the time when the child reached her majority.

The judgment of the trial court will be affirmed and costs in this court adjudged against the appellant.

GEIGER, P. J., and HORNBECK, J., concur.